UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JORGE TORRES-RODRIGUEZ** | : | **DOCKET NO. 17-cv-1215** |
| **REG. # 16092069** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **CALVIN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Jorge Torres-Rodriguez. Torres-Rodriguez is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.**
**BACKGROUND**

On July 26, 1998, Torres-Rodriguez pleaded guilty to one count of conspiracy to distribute narcotics, a violation of 21 U.S.C. § 846, in the United States District Court for the District of Puerto Rico. *United States v. Torres-Rodriguez*, No. 3:97-cr-229(4) (D.P.R. Nov. 16, 1998). He was sentenced to a 360 month term of imprisonment. *Id.* at doc. 554. Torres-Rodriguez subsequently filed an out of time notice of appeal, but the United States First Circuit Court of

Appeal dismissed his appeal and construed the notice as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 . *Id.* at docs. 686, 701. The motion was remanded to the trial court and dismissed on October 18, 2000. *Id.* at docs. 702, 732. On March 15, 2005, Torres-Rodriguez filed another motion to vacate pursuant to § 2255, which the court summarily denied. *Id.* at docs. 839, 845. On September 8, 2015, Torres-Rodriguez filed a motion to reduce sentence pursuant to Amendment 782 to the United States Sentencing Guidelines, which the court likewise denied. *Id.* at docs. 887, 897. Torres-Rodriguez appealed to the First Circuit, which affirmed the judgment of the district court. *Id.* at doc. 922.

Torres-Rodriguez now seeks relief in this court under 28 U.S.C. § 2241, arguing that he is entitled to resentencing based on the Supreme Court's decision in *Burrage v. United States*, 134 S.Ct. 881 (2014), and the Fifth Circuit's holding in *Santillana v. Upton*, 846 F.3d 779, 783 (5th Cir. 2017), that *Burrage* is retroactively applicable on collateral review. Doc. 6.

## II.
### LAW & ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Torres-Rodriguez collaterally attacks his incarceration, arguing that he has been subjected to an illegal sentence. Therefore, his claim should be advanced in a motion to vacate.

The savings clauses of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion

under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).

Instead, Torres-Rodriguez must demonstrate the following to show that his prior remedy was inadequate or ineffective: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

In *Burrage*, supra, the Supreme Court considered a penalty enhancement provision of the Controlled Substances Act, under which offenders face a mandatory minimum sentence of 20 years "if death or serious bodily injury results from the use of such substance." 21 U.S.C. § 841(b)(1)(C). The Court held that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of . . . § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage*, 134 S.Ct. at 892. The Fifth Circuit then joined with the Seventh and Eighth Circuits in holding that *Burrage* was retroactively applicable to cases on collateral review. *Santillana*, supra, 846 F.3d at 783–84. Accordingly, under *Santillana*, a petitioner can satisfy the savings clause based on *Burrage* if its holding establishes that he may have been convicted of a nonexistent offense. *Id.* at 784–85.

A review of Torres-Rodriguez's prior motions shows that his base offense level was established under United States Sentencing Guidelines §§ 2D1.1(d)(1) and 2A1.1(a), reflecting

that a homicide was involved. *See, e.g.*, *Torres-Rodriguez*, No. 3:97-cr-229, at doc. 922 (First Circuit judgment). However, the defendant in *Santillana* had actually been convicted under § 841(b)(1)(C), leading the court to readily conclude that *Burrage* established that she might have been convicted of a nonexistent offense. 846 F.3d at 781, 784–85. Torres-Rodriguez, on the other hand, was convicted of conspiracy to distribute narcotics under 21 U.S.C. § 846. Accordingly, the homicide only factored into his case as a sentencing enhancement. The Fifth Circuit remains unpersuaded "that the savings clause permits sentencing challenges." *Griffin v. Maiorana*, 647 Fed. App'x 430, 432 (5th Cir. 2016); *see In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) ("[A] claim of actual innocence of a [sentencing] enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241.") Torres-Rodriguez cannot satisfy the savings clause based on *Burrage*, as that case does not establish that he might have been convicted of a nonexistent offense. Thus, he does not satisfy the requirements for advancing his claims in this court under § 2241 and his petition must be dismissed for lack of jurisdiction. *Rodriguez v. Jones*, 533 Fed. App'x 463, 464 (5th Cir. 2013).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE